J-S01013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JADE BURNITSKIE | : | |
| | : | |
| Appellant | : | No. 482 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 23, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000419-2020

BEFORE: BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.: **FILED: JANUARY 13, 2022**

Jade Burnitskie appeals from the judgment of sentence of one year of

probation imposed after she pled guilty to one count of neglect of animals. In

this Court, Donna M. De Vita, Esquire, has filed an application to withdraw as

Appellant's counsel and brief pursuant to **Anders v. California**, 386 U.S. 738

(1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We

deny counsel's application to withdraw and order additional briefing.

The trial court offered the following summary of the case's history.

> On March 9, 2020, through criminal information, the
> Commonwealth charged Appellant with the following offenses:
> aggravated cruelty to animals—torture, neglect of animals,
> vaccination against rabies required - proof of vaccination, and
> application dog license fees/penalties, stemming from a witness
> report of a neglected dog in an abandoned residence. Based upon
> the witness report, Officer Gullone of Scranton Animal Control

---

[*] Retired Senior Judge assigned to the Superior Court.

responded to the residence and interviewed the witness. The witness held an interest in purchasing and fixing the property and through his observations saw a female dog run away from the vacant residence and across the street. The witness recovered the dog. Upon recovery, the dog displayed obvious signs of prolonged neglect, undernourishment, hair loss, large adult flea infestation, severe weight loss, skin sores, and dried blood on her paws requiring veterinarian intervention. The witness also overheard the presence of another dog within the unhabitable residence. Upon investigation, Officer Gullone discovered garbage and feces covering the floor of the residence. He saw that the residence lacked utilities, especially heat, and identified a bucket being used as a toilet. He noted a large hole within the residence caused by apparent animal scratching. Later, a neighbor identified Appellant as a person inhabiting the residence. The neighbor noted that Appellant held a business "watching dogs," wherein Appellant would house the dogs within the unsanitary vacant residence for several hours unattended and neglected, without access to food, water or heat.

To that end, Officer Gullone interviewed Appellant, who denied any mistreatment of the female dog. Appellant claimed that the dog had been missing for two weeks, but never reported the dog missing. Afterwards, Appellant became accusatory of the Officer and uncooperative. Within nine days of receiving veterinary treatment and access to food and water, the female dog gained approximately ten pounds.

Subsequently, on September 9, 2020, Appellant pled guilty to one count of neglect of animals, graded as a misdemeanor of the third degree. Pursuant to the guilty plea, Appellant agreed to surrender all dogs within her possession as well as relinquish any contact with animals during her period of supervision and reimburse any veterinary expenses incurred. Accordingly, th[e trial] court requested completion of a presentence investigation report. [Appellant filed a presentence motion to withdraw her guilty plea, which the trial court denied after a hearing.] Upon thorough review of the presentence investigation report, as well as consideration of the Sentencing Guidelines, including the characteristics and history of Appellant, th[e trial] sentenced Appellant to one year probation on March 23, 2021. Appellant did not file any post-sentence motions, however on April 14, 2021, Appellant filed a timely notice of appeal to the Pennsylvania Superior Court.

Trial Court Opinion, 9/22/21, at 1-3 (cleaned up). Thereafter, both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this Court, rather than file a brief advocating on Appellant's behalf, counsel filed both an **Anders** brief and a petition seeking leave to withdraw as counsel. Consequently, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[1] As required by ***Santiago***, counsel set forth the case history with citations to the record, referred to an issue that arguably supports the appeal, stated her conclusion that the appeal is frivolous, and cited case law which supports that conclusion. ***See Anders*** brief at 5-11. Therefore, we now proceed "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting ***Santiago***, ***supra*** at 354 n.5).

The issue arguably supporting an appeal cited by Appellant's counsel is whether the trial court imposed a harsh and unreasonable sentence. ***Anders*** brief at 4. In reviewing the question, we bear in mind the following:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal

---

[1] Appellant did not file a response to counsel's petition.

> defect [pursuant to] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Lucky*, 229 A.3d 657, 663–64 (Pa.Super. 2020) (cleaned up).

Here, Appellant timely filed a notice of appeal, but, as noted by the trial court and counsel, she did not preserve the issue by raising it at the sentencing proceeding or filing a motion to modify sentence.[2] *See* Trial Court Opinion, 9/22/21, at 4; *Anders* brief at 6. Therefore, we agree with counsel that a challenge to the discretionary aspects of Appellant's sentence is frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa.Super. 2016) ("Appellant did not raise the issue at his sentencing hearing, nor did he file a motion to modify the sentence imposed. Therefore, he has waived this issue for failing to preserve it. An issue that is waived is frivolous.").

We next conduct a "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). We do so mindful of the fact that "[a] plea of guilty constitutes a waiver of all nonjurisdictional defects and

---

[2] We observe that Appellant was represented by a different attorney from the Lackawanna County Public Defender's Office for the guilty plea and sentencing. Attorney De Vita's first appearance in this case was through the filing of Appellant's Pa.R.A.P. 1925(b) statement.

defenses and waives the right to challenge anything but the legality of the sentence and the validity of the plea." ***Commonwealth v. Luciani***, 201 A.3d 802, 806-07 (Pa.Super. 2018).

As noted by counsel in her brief, Appellant challenged the validity of her plea through a pre-sentence motion to withdraw the guilty plea. Therein, Appellant asserted that her plea was involuntary, "as it was made under duress based on time constraints and insufficient access to discuss the case with . . . counsel due to COVID-19 restrictions." Motion to Withdraw Guilty Plea, 11/30/20, at ¶ 17. Appellant further contended that she was innocent of the offense. ***Id***. at ¶ 16. The trial court denied the motion after a hearing, finding that she had failed to offer a sufficient reason to withdraw the plea. ***See*** Order, 3/17/21 at 1 n.1.

The decision to grant or deny a motion to withdraw a plea is within the discretion of the trial court and will not be overturned absent an abuse of that discretion. ***See Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019). Such discretion "is not unfettered," and "must be informed by the law, which, for example, requires courts to grant these motions liberally, and to make credibility determinations that are supported by the record." ***Id***. at 121 (cleaned up). While a bare, implausible assertion of innocence does not *per se* mandate allowance to withdraw a plea, "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal

would work substantial prejudice to the Commonwealth." ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1285, 1292 (Pa. 2015).

Given the limited nature of the issues available to Appellant in this appeal, we conclude that counsel has failed to comply with her duties under ***Anders*** in failing to explain why an appeal challenging the denial of her presentence motion to withdraw the plea would be wholly frivolous. The issue certainly stands out as one susceptible to a good-faith argument far more than the waived challenge to Appellant's sentence that counsel chose to address. We are not, at this stage, of a mind that Appellant is entitled to relief on this claim. However, we conclude that it is one that counsel missed and must be addressed to ensure that Appellant's constitutional right to counsel has been fully respected.

Consequently, we deny Attorney De Vita's application to withdraw and instruct counsel to, within thirty days, file either (1) another application to withdraw and a new ***Anders*** brief explaining why an appeal challenging the denial of Appellant's presentence motion to withdraw her guilty plea would be wholly frivolous, or (2) an advocate's brief arguing that the trial court abused its discretion in denying the withdrawal motion. The Commonwealth shall have thirty days thereafter to file a response.

Application of Donna M. De Vita, Esquire, to withdraw as counsel is denied. New briefs are ordered. Panel jurisdiction is retained.

Judge Colins joins this Memorandum.

Judge Nichols concurs in the result.